UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAMIEN POWELL,<br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN BUNCICH, in his official capacity<br>as Sheriff of Lake County,<br>　　　　Defendant. | )<br>)<br>)<br>)　　CAUSE NO.: 2:11-CV-277-PPS-PRC<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a Plaintiff's Brief in Support of Leave to File an Amended Complaint on or before April 14, 2013 [DE 55], filed by Plaintiff by counsel on February 15, 2013, and a Verified Motion to Extend Deadline for Discovery [DE 43], filed by Plaintiff, pro se, prior to the appearance of current counsel, on November 26, 2012.

## PROCEDURAL BACKGROUND

On August 1, 2011, Plaintiff, by counsel, filed a Complaint against John Buncich, in his official capacity as Sheriff of Lake County, as well as a Plaintiff's Motion for Emergency Preliminary Injunction. On August 2, 2011, Chief Judge Philip Simon held a telephonic hearing and ordered Plaintiff to supplement his motion according to Federal Rule of Civil Procedure 65. On August 12, 2011, Plaintiff filed an Amended Motion for an Emergency Preliminary Injunction and a brief in support. On August 19, 2011, Defendant filed a response. On September 20, 2011, Judge Simon held an evidentiary hearing on the motion for preliminary injunction and denied the motion on the record. On October 11, 2011, Judge Simon issued a written order denying the motion.

In October 3, 2011, Defendant filed an Answer.

On November 17, 2011, the Court held a Rule 16(b) conference and set a discovery deadline of November 30, 2012.

On December 22, 2011, Plaintiff's attorney filed a Motion to Withdraw Appearance, which the Court granted on January 6, 2012.

On March 28, 2012, the Court held a telephonic status conference at which Plaintiff made an oral motion for appointment of counsel. The Court denied the motion, without prejudice, and directed Plaintiff to file a written motion. At that hearing, Defendant made an oral motion to dismiss for failure to prosecute, which the Court denied.

On March 30, 2012, Plaintiff filed a Motion to Appoint Counsel. He filed a second Motion to Appoint Counsel on June 15, 2012. On October 5, 2012, Plaintiff wrote a letter to the Court asking for a status on the Motion to Appoint Counsel.

On November 26, 2012, Plaintiff filed the instant Verified Motion to Extend Deadline for Discovery, asking the Court to extend the discovery deadline until after appointment of counsel.

That same date, Plaintiff filed an 8-page Motion to Appoint Counsel with the assistance of a jail house lawyer.

On January 11, 2013, Plaintiff sent a letter requesting a status on his Motion to Appoint Counsel.

On January 14, 2013, Judge Simon ruled on Plaintiff's Motion to Appoint Counsel, ordering the appointment of Attorneys Samantha Liskow and Michael Kanovitz as counsel for Plaintiff.

Although the discovery deadline had passed, on February 1, 2013, Defendant's counsel served discovery requests on Plaintiff.

On February 7, 2013, the Court held a telephonic status conference at which Plaintiff's counsel orally moved for leave to amend the Complaint. Because defense counsel opposed the motion, the Court ordered that the motion be briefed.

On February 15, 2013, Plaintiff filed the instant "Plaintiff's Brief in Support of Leave to File an Amended Complaint on or before April 14, 2013." Defendant filed a response in opposition on February 28, 2013, and Plaintiff filed a reply on March 8, 2013.

## ANALYSIS

In the instant motion, Plaintiff asks the Court for leave to file an amended complaint. Plaintiff has not attached a copy of the proposed amended complaint as required by Northern District of Indiana Local Rule 15-1. However, Plaintiff explains that, because counsel has recently been appointed and because Plaintiff and newly appointed counsel are reviewing the documents already produced by Defendant, counsel plans to seek limited additional discovery in order to identify any additional claims and defendants (if any). Plaintiff asserts that the proposed amended pleading, like the Complaint, will concern the Jail and the staff's response to Plaintiff's needs due to his paralysis and the damages he may have suffered as a result. Plaintiff contends that the proposed pleading will not expand into other unrelated matters.

Federal Rule of Civil Procedure 15 governs amendments to pleadings and provides, in part:

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
    (A) 21 days after serving it, or
    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Here, because the time for Plaintiff to amend his pleading as a matter of course has expired, Plaintiff seeks leave of Court to file the amendment. The United States Supreme Court explained the term "freely give" as follows:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

Defendant's objection to Plaintiff's motion is that it is untimely and that Defendant will be prejudiced. The Court finds that any delay in bringing the instant motion was due to Plaintiff's pro se status and his awaiting a ruling by the Court on his Motion to Appoint Counsel, which he diligently pursued. Newly appointed counsel moved immediately for the instant amendment. Thus, the Court finds no undue delay. Balancing the prejudice to the respective parties, the Court finds that Defendant will not be *unduly* prejudiced by the amendment. Although this case has been pending for over 18 months, it is still in the beginning stages of discovery. Until February 1, 2013, after Plaintiff's counsel had been appointed and after the discovery deadline had passed, Defendant had not served any discovery requests or taken any depositions. Although Plaintiff appears to be proposing a new claim regarding the quality of medical care Plaintiff received, the facts underlying that claim will be related to those underlying the pending ADA claim. Under all the circumstances, the Court, in its discretion, finds that Plaintiff should be granted leave to amend the Complaint.

**CONCLUSION**

Accordingly, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Leave to File an Amended Complaint on or before April 14, 2013 [DE 55] and **ORDERS** that Plaintiff shall have up to and including **May 1, 2013**, in which to file the Amended Complaint.

The Court further **GRANTS** the Verified Motion to Extend Deadline for Discovery [DE 43] and **ORDERS** that the discovery deadline is extended to **August 29, 2013**.

SO ORDERED this 25th day of March, 2013.

 s/ Paul R. Cherry
 MAGISTRATE JUDGE PAUL R. CHERRY
 UNITED STATES DISTRICT COURT

cc:     All counsel of record